UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 24.6.63.42,<br><br>  Defendant. | Case No.  23-cv-06685-EJD<br><br>**ORDER GRANTING APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA**<br><br>Re: ECF No. 7 |

Plaintiff Strike 3 Holdings, LLC ("Strike 3"), filed this copyright infringement action against an unknown individual (the "Doe Defendant") who allegedly used BitTorrent to illegally download and distribute Strike 3's copyrighted adult films. *See* Compl., ECF No. 1. Strike 3 seeks a subpoena to compel third-party Comcast Cable to identify the Doe Defendant, who is associated with the IP address 24.6.63.42, for service of process. *See* Ex Parte Appl. for Leave to Serve Third-Party Subpoena ("Appl."), ECF No. 7.

Based on Strike 3's submissions, the Court GRANTS leave to serve a subpoena with specific conditions provided below. Because many courts have raised concerns that Strike 3 could be pursuing potentially innocent ISP account owners who are often embarrassed into early settlements, the identity of the Doe Defendant SHALL be protected unless and until further order by the Court.

**I.   BACKGROUND**

Strike 3 owns the copyrights for several adult motion pictures that are associated with and distributed through various adult websites. *See* Compl. ¶¶ 1–3, 43, ECF No. 1; *see id.* at Exh. A,

Case No.: 23-cv-06685-EJD
ORDER GRANTING EX PARTE APPL. TO SERVE THIRD-PARTY SUBP.
1

ECF No. 1-1. Using a specialized infringement detection system it developed (the "VXN Scan System"), Strike 3 discovered the IP address of the Doe Defendant who allegedly infringed upon its copyrights. *See* Compl. ¶¶ 28–29. The Complaint alleges that the Doe Defendant illegally downloaded and distributed 28 motion pictures copyrighted by Strike 3 by using BitTorrent, a system designed to quickly distribute large files over the Internet. *See id.* ¶¶ 18, 29, 38; *see id.* at Exh. A.

Strike 3 filed this action on December 29, 2023, asserting one claim of direct copyright infringement and seeking an injunction and statutory damages. *Id.* ¶¶ 48–53. Strike 3 filed the instant Application on January 11, 2024, seeking leave to serve a third-party subpoena on Comcast Cable prior to a Rule 26(f) conference. *See* Appl.

## II. LEGAL STANDARD

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. *See* Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause." *See, e.g.*, *IO Grp., Inc. v. Does 1–65*, No. 10–4377, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–77 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

In evaluating whether a plaintiff establishes good cause to learn the identity of a Doe defendant through early discovery, courts examine whether the plaintiff:

    (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court;

    (2) recounts the steps taken to locate and identify the defendant;

    (3) demonstrates that the action can withstand a motion to dismiss; and

    (4) shows that the discovery is reasonably likely to lead to identifying information that will permit service of process.

*See Columbia Ins. Co. v. seescandy.com* ("*Seescandy.com*"), 185 F.R.D. 573, 578–80 (N.D. Cal.

Case No.: 23-cv-06685-EJD
ORDER GRANTING EX PARTE APPL. TO SERVE THIRD-PARTY SUBP.
2

1999) (citations omitted). "[W]here the identity of alleged defendants [is not] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

## III. DISCUSSION

### A. Strike 3's Litigation History

As this Court has done in its prior orders, before turning to the merits of the application, the Court first provides an overview of Strike 3's litigation history as useful context for the Doe Defendant or any other party who may receive this Order. *See Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 73.231.214.39*, No. 23-CV-05468-EJD, 2023 WL 8458262, at *2 (N.D. Cal. Nov. 27, 2023); *Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 174.160.76.56*, No. 24-CV-00440-EJD, 2024 WL 950171, at *2 (N.D. Cal. Mar. 5, 2024). Given the informational disparity and matrix of undesirable options facing an ISP subscriber served with such a complaint as the one filed in this action, the Court hopes the following context will reduce any prejudice that individual may face.

Strike 3 has filed thousands of similar lawsuits and requests to subpoena subscriber information from ISPs, such as Comcast Cable. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 23-CV-04339-RS, 2023 WL 6542326, at *2 (N.D. Cal. Sept. 22, 2023) (collecting cases). At least one federal judge has also openly characterized Strike 3 as a "copyright troll" that uses its "swarms of lawyers [to] hound people who allegedly watch their content through BitTorrent." *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160, 161–62 (D.D.C. 2018) (describing the copyright troll's strategy as "file a deluge of complaints; ask the court to compel disclosure of the account holders; settle as many claims as possible; abandon the rest"), *rev'd and remanded*, 964 F.3d 1203 (D.C. Cir. 2020); *see also, e.g.*, *Strike 3 Holdings, LLC v. John Doe (73.225.38.130)*, No. C17-1731, 2020 WL 531996, at *6 & n.6 (W.D. Wash. Feb. 3, 2020) (granting summary judgment and attorney fees in favor of Doe defendant and against Strike 3 and noting that "[a]

Case No.: 23-cv-06685-EJD
ORDER GRANTING EX PARTE APPL. TO SERVE THIRD-PARTY SUBP.
3

1  copyright troll's success derives 'not from the Copyright Act, but from the law of large

2  numbers'") (citation omitted).

3        The Court recognizes that in practice, once subscribers are alerted that they are being sued

4  for uploading pornography, they may be pressured to quickly settle the matter to avoid the risk of

5  having their names publicly associated with the lawsuit or the costs of hiring an expensive

6  copyright legal specialist.  *See Strike 3 Holdings, LLC*, 2023 WL 6542326, at *2; *see also Strike 3*

7  *Holdings*, 351 F. Supp. 3d at 162 ("[O]nce the ISP outs the subscriber, permitting them to be

8  served as the defendant, any future Google search of their name will turn-up associations with the

9  websites *Vixen*, *Blacked*, *Tushy*, and *Blacked Raw*.").  As a result, many innocent ISP subscribers

10 would be pressured to settle, even though several courts have observed that "ISP subscribers may

11 not be the individuals who infringed upon Strike 3's copyright."  *Strike 3 Holdings, LLC v. Doe*

12 *Subscriber Assigned IP Address 24.6.34.109*, No. 23-CV-01977, 2023 WL 4003723, at *3 (N.D.

13 Cal. May 9, 2023) (collecting cases); *see also Strike 3 Holdings*, 351 F. Supp. 3d at 162

14 ("[I]nferring the person who pays the cable bill illegally downloaded a specific file is even less

15 trustworthy than inferring they watched a specific TV show.").  Moreover, if a defendant moves to

16 confront a "copyright troll" or exhibits any serious resistance, the company can simply drop the

17 case and avoid any unfavorable judicial rulings.  *See Strike 3 Holdings*, 351 F. Supp. 3d at 162

18 ("These serial litigants drop cases at the first sign of resistance, preying on low-hanging fruit and

19 staying one step ahead of any coordinated defense.").

20     **B.**    **Good Cause**

21       Turning to the merits of Strike 3's *ex parte* application, the Court finds that Strike 3 has

22 demonstrated good cause for this early discovery under the four *Seescandy.com* factors.

23       First, the Court finds that Strike 3 has identified the Doe Defendant with sufficient

24 specificity for the Court to determine that the Doe Defendant is a real person who may be sued in

25 federal court.  The Complaint alleges that BitTorrent's protocols require the activity of a human

26 user to share movies within the BitTorrent network.  Compl. ¶¶ 18–27.  Strike 3 also used "IP

27 address geolocation technology" offered by the company Maxmind Inc. to trace the IP address that

28 Case No.: 23-cv-06685-EJD
ORDER GRANTING EX PARTE APPL. TO SERVE THIRD-PARTY SUBP.

United States District Court
Northern District of California

Strike 3 procured—through its VXN Scan System—to a physical location within this district. *Id.* ¶¶ 9, 29.

Second, Strike 3 has described the steps it took to locate and identify the Doe Defendant. *See* Appl. 10. In addition to the geolocation and infringement detection technology already described, Strike 3 has attempted to associate the IP address with a defendant individual using various web search tools and consultations with computer investigators and cyber security experts. *See id.*

Third, Strike 3 has preliminarily demonstrated that its action can withstand a motion to dismiss. "Plaintiffs must satisfy two requirements to present a prima facie case of direct infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007). A copyright holder's rights under § 106 include the exclusive rights to reproduce, distribute, publicly display, perform, and create derivative works of the copyrighted work. *See* 17 U.S.C. § 106. Here, Strike 3 alleges that it owns the copyrights to adult movies that the Doe Defendant downloaded, copied, and distributed without permission. *See* Compl. ¶¶ 29, 44, 46; *see id.* at Exh. A. Accepting these allegations as true, the Court finds that the Complaint may withstand a motion to dismiss.

Fourth and finally, Strike 3 has shown that the discovery it seeks is reasonably likely to lead to identifying information that will permit service of process on the Doe Defendant. Specifically, Strike 3 only seeks the name and address of the Doe Defendant and has represented that the "only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address is Defendant's ISP." Appl. 6 (citing *BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 299 (4th Cir. 2018) ("[O]nly the ISP can match the IP address to the subscriber's identity.")).

In sum, the Court finds that Strike 3 has satisfied all four *Seescandy.com* factors and presented good cause for its requested expedited discovery.

Case No.: 23-cv-06685-EJD
ORDER GRANTING EX PARTE APPL. TO SERVE THIRD-PARTY SUBP.

5

**C.     Protective Order**

Even though Strike 3 is entitled to a pre-discovery subpoena, the Court retains authority under Federal Rule of Civil Procedure 26(c) to grant a *sua sponte* protective order for good cause. *See, e.g.*, *McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002); Fed. R. Civ. P. 26(c). In this case, the Court finds that there is good cause to implement limited protective measures to shield a potentially innocent and unwitting ISP subscriber from undue prejudice. Strike 3 does not oppose establishing procedural safeguards to respect privacy interests. *See* Appl. 3, 12–13.

Consistent with the protective measures undertaken by many other courts in this district and its own prior orders, the Court will employ procedures to treat as confidential any personal information regarding the Doe Defendant that Comcast Cable produces to Strike 3. The Court will also permit and consider any request by the Doe Defendant to continue to proceed anonymously under a "Doe" pseudonym.

**IV.    CONCLUSION**

Based on the foregoing, the Court GRANTS Strike 3's Ex Parte Application with respect to Defendant Doe, Subscriber Assigned IP Address 24.6.63.42, as follows:

1. Strike 3 MAY serve a Rule 45 subpoena on Comcast Cable ("ISP"), commanding the ISP to provide Strike 3 with the true name and address of the Doe Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Strike 3 SHALL attach a copy of this Order to any such subpoena.

    a. Strike 3 MAY serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to the Doe Defendant.

    b. If the ISP qualifies as a "cable operator" per 47 U.S.C. § 522(5), then it shall comply with 47 U.S.C. § 551(c)(2)(B) by sending a copy of this Order to the Doe Defendant.

2. Within thirty (30) days of being served by Strike 3, the ISP SHALL serve the Doe Defendant subscriber assigned the IP address 24.6.63.42 with a copy of the subpoena

Case No.: 23-cv-06685-EJD
ORDER GRANTING EX PARTE APPL. TO SERVE THIRD-PARTY SUBP.

and this Order.

3. Within thirty (30) days after the Doe Defendant has been served with the subpoena and this Order, the Doe Defendant MAY file a motion to contest the subpoena, including a motion to quash or modify the subpoena. **The Doe Defendant MAY appear and proceed before this Court under a pseudonym by requesting that their personal identifying information be filed under seal**.

   a. If the Doe Defendant does not contest the subpoena within thirty days, the ISP may produce the information responsive to Strike 3's subpoena within ten (10) days.

4. Strike 3 MAY only use the information disclosed in response to its subpoena for the purpose of protecting and enforcing its rights as set forth in the Complaint. Strike 3 MAY NOT publicly disclose the information obtained from its subpoena without leave of this Court. Any reference to the Doe Defendant's identity SHALL be redacted and filed under seal until further notice.

5. Comcast Cable or any other ISP that receives a subpoena pursuant to this Order SHALL confer with Strike 3 and MAY NOT assess any charge in advance of providing the information requested in the subpoena. The ISP that receives a subpoena and elects to charge for the costs of production must provide a billing summary and cost reports that serve as a basis for the billing summary and costs claimed by the ISP.

6. Comcast Cable or any other ISP that receives a subpoena pursuant to this Order SHALL preserve any subpoenaed information pending the resolution of any timely filed motion to dismiss.

**IT IS SO ORDERED.**

Dated: March 21, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 23-cv-06685-EJD
ORDER GRANTING EX PARTE APPL. TO SERVE THIRD-PARTY SUBP.
7

Case No.: 23-cv-06685-EJD
ORDER GRANTING EX PARTE APPL. TO SERVE THIRD-PARTY SUBP.
8